# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| SCOTT GUTHRIE, | § | Attorney Lien |
| Individually & as the | § | Claimed |
| Representative of the | § | Jury Trial |
| Estates of CAROL | § | Demanded |
| BLACKWELL, Deceased | § | |
| & | § | |
| JASON GUTHRIE | § | |
| *Plaintiffs* | § | |
| v. | § | Case No. _____ |
| 3 WAY TRUCKING, INC. | § | |
| & | § | |
| BOBBY CHARLES SPLAWN, | § | |
| Deceased | § | |
| *Defendants* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

COME NOW the plaintiffs — Scott Guthrie, individually, and as the representative of the estate of his mother, Carol Blackwell, deceased, and Jason Guthrie, individually — in the above-styled action complaining of and against 3 Way

Trucking, Inc. and Bobby Charles Splawn, deceased. In support, Plaintiffs show the court as follows:

## INTRODUCTION

1. This is a civil action for the tragic and wrongful death of Carol Blackwell. Mrs. Blackwell as well as her husband, John Blackwell, were killed in a collision that occurred on August 15, 2015. The Defendant, Mr. Splawn, also lost his life in the collision.

## PARTIES

2. Plaintiff, Carol Blackwell, deceased, is an individual who, at the time of her death, resided in the state of Oklahoma. She may be served with process through her attorneys of record.

3. Plaintiff, Scott Guthrie, is an individual who resides in the state of Oklahoma. He is the son of Carol Blackwell and the representative of her estate. He may be served with process through his attorneys of record.

4. Plaintiff, Jason Guthrie, is an individual who resides in the state of Florida. He is the son of Carol Blackwell. He may be served with process through his attorneys of record.

5. Defendant, 3 Way Trucking, Inc., is a corporation incorporated under the laws of the state of Texas. Its principal

place of business is in Boyd, Texas. It may be personally served with process through its registered agent:

Michael John Garland

3508 E. Hwy 114

Boyd, Texas 76023-1207

6.     Defendant Bobby Charles Splawn, deceased, is an individual who, at the time of his death, resided in the state of Texas. As an agent/employee of 3 Way Trucking, Inc., he may be personally served with process through 3 Way Trucking, Inc.'s registered agent.

## JURISDICTION & VENUE

7.     Plaintiffs are residents of Oklahoma and Florida.

8.     Defendants are residents of Texas.

9.     The amount in controversy exclusive of interest and costs well-exceeds $75,000.

10.    Therefore, Diversity Jurisdiction exists pursuant to 28 U.S.C. § 1332.

11.    The acts and/or omissions of Defendants, which give rise to Plaintiffs' claims, occurred in the Eastern District of Texas.

12.    Therefore, Venue is proper pursuant to 28 U.S.C § 1391(b)(2),

## FACTUAL ALLEGAIONS

13. Defendant 3 Way Trucking, Inc. is a corporation. As a corporation, it can only act through its agents/employees. As such, then Plaintiff alleges that Defendant 3 Way Trucking, Inc. acted or omitted to act, it is meant that Defendant 3 Way Trucking, Inc.'s agents/employees did such acts or omitted to act within their scopes of employments with full authority of Defendant 3 Way Trucking, Inc.

14. Defendant Bobby Splawn was operating a semi-tractor-trailer owned by Defendant 3 Way Trucking, Inc.

15. At all times material to this Complaint, he was acting within his scope of agency/employment with 3 Way Trucking, Inc. and for the benefit of 3 Way Trucking, Inc.

16. On or about August 15, 2015 Defendants' truck was traveling southbound on I-35, near Valley View, Cooke County, Texas.

17. Plaintiff, Carol Blackwell, was traveling northbound in the adjacent lane.

18. Defendants went off the I-35 southbound lane and into the northbound lane and collided with Plaintiff's vehicle.

19. Plaintiff was killed as a result of the collision.

## CAUSES OF ACTION

I. NEGLIGENCE & NEGLIGENCE *PER SE*

20. The occurrence made the basis of Plaintiffs' petition and their resulting injuries were proximately caused

by Defendants' acts and/or omissions, including but not limited to the following:

    a. Failing to keep the tractor trailer within the proper lane of travel.

    b. Failing to obey the roadway pavement markings regulating the movement of traffic.

    c. Moving from one lane to another when unsafe.

21. At all times material to this cause of action, Plaintiffs belonged to the class of persons for whom the Texas Transportation Code was enacted to protect.

22. Defendants' failure to adhere to the non-conditional standards set forth by the Texas Transportation Code constitutes Negligence *Per Se*.

23. Each and all of the above stated acts and/or omissions are a direct and proximate cause of the injuries and damages sustained by Plaintiffs.

II.    NEGLIGENT ENTRUSTMENT

24. Defendant 3 Way Trucking, Inc. is the owner of the vehicle Defendant Bobby Charles Splawn was driving at the time of the collision.

25. Upon information and belief, Defendant 3 Way Trucking, Inc. knew or should have known that Defendant Bobby Charles Splawn was a reckless, incompetent, or unlicensed driver.

26. Accordingly, Defendant 3 Way Trucking, Inc. acted negligently by entrusting its semi-tractor-trailer to Defendant, Bobby Charles Splawn.

27. As such, the act of entrustment was a proximate cause of Plaintiffs' injuries.

## GROSS NEGLIGENCE & EXEMPLARY DAMAGES

28. Defendants acts and/or omissions were such a gross deviation from the standard of care as to constitute Gross Negligence. Finally, Plaintiffs seek punitive damages pursuant to Texas Civil Practice and Remedies Code § 41.003.

## DAMAGES

29. As a direct and proximate result of the conduct of the Defendants', Plaintiffs are seeking all damages allowable under the law, including, but not limited to the following:

   a. The Estate of Carol Blackwell, Deceased:
      i. Physical Pain & Suffering;
      ii. Mental Anguish; and
      iii. Funeral and Burial Expenses.
   b. Scott Guthrie, Individually:
      i. Loss of Companionship and Society;
      ii. Past Pecuniary Loss;
      iii. Future Pecuniary Loss;
      iv. Past Mental Anguish;
      v. Future Mental Anguish; and

    vi. Loss of Inheritance.

  c. Jason Guthrie, Individually:

    i. Loss of Companionship and Society;

    ii. Past Pecuniary Loss;

    iii. Future Pecuniary Loss;

    iv. Past Mental Anguish;

    v. Future Mental Anguish; and

    vi. Loss of Inheritance.

### GROSS NEGLIGENCE & EXEMPLARY DAMAGES

30. Defendants acts and/or omissions were such a gross deviation from the standard of care as to constitute Gross Negligence. Thus, Plaintiffs seek punitive damages pursuant to Texas Civil Practice and Remedies Code § 41.003.

### JURY TRIAL DEMANDED

31. Plaintiffs hereby demand a jury trial as to all issues triable as a matter of right pursuant to Federal Rule of Civil Procedure 38.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED

Plaintiff respectfully prays this Court issue citation requiring Defendant to appear and answer, and that judgement be entered against Defendant for the following relief:

  d. Actual Damages;

e. Compensatory Damages;

f. Exemplary Damages;

g. Court Costs;

h. The maximum amount of Pre-Judgement Interest allowed by law;

i. The maximum amount of Post-Judgement Interest allowed by law; and

j. Any other relief to which Plaintiff is entitled.

Respectfully Submitted,

ZELBST HOLMES & BUTLER

/s/ John P. Zelbst

John P. Zelbst

Okl. Bar No. 9991

Zelbst@zelbst.com

Clay Zelbst

Okl. Bar No. 32152

Tex. Bar No. 24095039

clay@zelbst.com

411 S.W. 6th

P.O. Box 365

Lawton, Oklahoma

73502-0365

Tel 580-248-4844

Fax 580-248-6916

*Attorney for Plaintiff*

&

BRANUM LAW FIRM

/s/ John Branum

John Branum

Okl. Bar No. 20165

Jay Mitchel

Okl. Bar No. 20784

One Leadership Square, Ste. 210

211 North Robinson

Oklahoma City, Oklahoma 73102

*Pending Admission Pro Hac Vice*