IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| SCOTT GUTHRIE, Individually and as ) | |
| The representative of the estate of ) | |
| CAROL BLACKELL, Deceased ) | |
| ) | |
| JASON GUTHRIE ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:17-CV-00345 |
| ) | |
| vs. ) | |
| ) | |
| 3 WAY TRUCKING, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW Plaintiffs Scott Guthrie, Individually and as the representative of the Estate of Carol, deceased, and Jason Guthrie to file this First Amended Complaint complaining of and against Defendant 3 Way Trucking, Inc. ("3 Way Trucking" or "Defendant") for the wrongful death of Carol, and in support shows the Court as Follows:

### I.   INTRODUCTION

1. This is a civil action for the wrongful death of Carol against Defendant 3 Way Trucking. 3 Way Trucking's driver, Bobby Charles Splawn ("Mr. Splawn") also lost his life in the collision. The collision that took the lives of the Blackwells and Mr. Splawn occurred on August 15, 2015.

### II.   PARTIES

2. Plaintiff, Carol Blackwell, deceased, is an individual who, at the time of her death, resided in Oklahoma County, Oklahoma, and she may be served with process through her attorney of record.

3. Scott Guthrie is an individual residing in the state of Oklahoma. He is the son of Carol and Jason Blackwell. He may be served with process through his attorneys of record.

4. Jason Guthrie is an individual residing in the state of Florida. He is the son of Carol and John Blackwell. He may be served with process through his attorneys of record.

5. Defendant, 3 Way Trucking, Inc., is a Texas Corporation with its principal place of business in Boyd, Texas, and it may be served with process, either by via certified mail or via personal service through its registered agent:

Michael John Garland

3508 E. Hwy 114

Boyd, Texas 76023-1207

### III. JURISDICTION & VENUE

6. At the time of her death, Plaintiff Carol Blackwell was a resident of the state of Oklahoma.

7. Plaintiff Scott Guthrie is a resident of the State of Florida.

8. Plaintiff Jason Guthrie is a resident of the State of Oklahoma.

9. Defendant 3 Way Trucking, Inc. is a Texas Corporation with its principal place of business in the State of Texas.

10. Bobby Charles Splawn was also a resident of the State of Texas.

11. The amount in controversy exclusive of interest and costs exceeds $75,000.

12. Diversity Jurisdiction exists pursuant to 28 U.S.C. § 1332.

13. Venue is proper pursuant to 28 U.S.C § 1391(b)(2), because the acts and/or omissions of Defendant, which give rise to Plaintiffs' claims, occurred in the Eastern District of Texas, Sherman Division.

### IV. AGENCY / RESPONDEAT SUPERIOR

14. Defendant 3 Way Trucking is a Corporation and thus when it is alleged herein that 3 Way Trucking acted or omitted to act, it is meant that 3 Way Trucking's employees servants, agents, agents by estoppel, and/or ostensible agents did such act(s) or omitted to act within their scope of employment with full authority of 3 Way Trucking.

### V. FACTUAL ALLEGATIONS

15. Mr. Splawn was operating a semi-tractor-trailer owned by 3 Way Trucking.

16. At all times material to this Complaint, Mr. Splawn was acting within his scope of agency/employment with 3 Way Trucking and for the benefit of 3 Way Trucking.

17. On or about August 15, 2015 Defendant's truck was traveling southbound on I-35.

18. Plaintiff, Carol Blackwell, was traveling northbound in the adjacent lane.

19. Mr. Splawn, while driving Defendant's truck within his scope of agency/employment with 3 Way Trucking, went off the I-35 southbound lane and into the northbound lane and collided with the vehicle driven by Plaintiff.

20. As a result of the collision, Plaintiff was killed

### VI. NEGLIGENCE AND NEGLIGENCE *PER SE*

21. The occurrence made the basis of Plaintiffs' complaint and their resulting injuries were proximately caused by Defendant's acts and/or omissions, including but not limited to the following:

   a. Failing to keep the tractor trailer within the proper lane of travel.

   b. Failing to obey the roadway pavement markings regulating the movement of traffic.

   c. Moving from one lane to another when unsafe.

22. At all times material to this cause of action, Plaintiffs belonged to the class of persons for whom the Texas Transportation Code was enacted to protect.

23. Defendant's failure to adhere to the non-conditional standards set forth by the Texas Transportation Code constitutes Negligence *Per Se*. In particular, on information and belief Defendant violated the following laws and each violation constitutes Negligence *Per Se*:

   a. Texas Transportation Code § 545.051

   Driving on the Right Side of Roadway

   (a) An operator on a roadway of sufficient width shall drive on the right half of the roadway, unless:

   (1) the operator is passing another vehicle;

   (2) an obstruction necessitates moving the vehicle left of the center of the roadway and the operator yields the right-of-way to a vehicle that:

        (A) is moving in the proper direction on the unobstructed portion of the roadway; and

        (B) is an immediate hazard;

(3) the operator is on a roadway divided into three marked lanes for traffic; or

(4) the operator is on a roadway restricted to one-way traffic.

….

(c) An operator on a roadway having four or more lanes for moving vehicles and providing for two-way movement of vehicles may not drive left of the center line of the roadway except:

(1) as authorized by an official traffic-control device designating a specified lane to the left side of the center of the roadway for use by a vehicle not otherwise permitted to use the lane;

(2) under the conditions described by Subsection (a)(2); or

(3) in crossing the center line to make a left turn into or out of an alley, private road, or driveway.

  b. Texas Transportation Code § 521.459

Employment of Unlicensed Driver:

(a) Before employing a person as an operator of a motor vehicle used to transport persons or property, an employer shall request from the department:

(1) a list of convictions for traffic violations contained in the department records on the potential employee; and

(2) a verification that the person has a license.

(b) A person may not employ a person as an operator of a motor vehicle used to transport persons or property who does not hold the appropriate driver's license to operate the vehicle as provided by this chapter.

24. Each and all of the above stated acts and/or omissions are a direct and proximate cause of the injuries and damages sustained by Plaintiff.

## VII. NEGLIGENT ENTRUSTMENT

25. 3 Way Trucking is the owner of the vehicle Mr. Splawn was driving at the time of the collision.

26. Upon information and belief, 3 Way Trucking knew or should have known that Mr. Splawn was a reckless, incompetent, or unlicensed.

27. Accordingly, 3 Way Trucking acted negligently by entrusting its semi-tractor-trailer to Mr. Splawn.

28. As such, the act of entrustment was a proximate cause of Plaintiffs' injuries.

## VIII. GROSS NEGLIGENCE & EXEMPLARY DAMAGES

29. Defendant's acts and/or omissions were such a gross deviation from the standard of care as to constitute Gross Negligence.

## IX. DAMAGES

30. As a direct and proximate result of the conduct of the Defendant's, Plaintiffs are seeking all damages allowable under the law, including, but not limited to the following:

a. The Estate of Carol Blackwell, Deceased:

   i. Physical Pain & Suffering;

      ii.      Mental Anguish; and

      iii.     Funeral and Burial Expenses.

b.  Scott Guthrie, Individually:

      i.       Loss of Companionship and Society;

      ii.      Past Pecuniary Loss;

      iii.     Future Pecuniary Loss;

      iv.     Past Mental Anguish;

      v.      Future Mental Anguish; and

      vi.     Loss of Inheritance.

c.  Jason Guthrie, Individually:

      i.       Loss of Companionship and Society;

      ii.      Past Pecuniary Loss;

      iii.     Future Pecuniary Loss;

      iv.     Past Mental Anguish;

      v.      Future Mental Anguish; and

      vi.     Loss of Inheritance.

31.    Finally, Plaintiffs seek punitive damages pursuant to Texas Civil Practice and Remedies Code § 41.003.

## X.    JURY TRIAL DEMANDED

32.    Plaintiffs hereby demand a jury trial as to all issues triable as a matter of right pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED

Plaintiff respectfully prays that judgement be entered against Defendant for the following relief:

a. Actual Damages;

b. Compensatory Damages;

c. Exemplary Damages;

d. Court Costs;

e. The maximum amount of Pre-Judgement Interest allowed by law;

f. The maximum amount of Post-Judgement Interest allowed by law; and

g. Any other relief to which Plaintiffs are entitled.

Respectfully submitted,

*/s/ Daniel M. Branum*
**Daniel M. Branum**
  Texas Bar No. 24064496
  dan@branumlawfirm.com
**John Branum**
  Oklahoma Bar No. 20165
  john@branumlawfirm.com
  *Pending Admission Pro Hac Vice*
BRANUM LAW FIRM, PLLC
One Leadership Square
211 N. Robinson Ave., Suite 210
Oklahoma City, Oklahoma 73102
(800) 318-9950 Telephone
(800) 418-8210 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

- AND -

*/s/ John P. Zelbst*
**JOHN P. ZELBST**
Zelbst@zelbst.com
Okla. Bar No. 9991
**CLAY ZELBST**

clay@zelbst.com
Okla. Bar No. 32152
Tex. Bar No. 24095039
**ZELBST HOLMES & BUTLER**
411 S.W. 6th
P.O. Box 365
Lawton, Oklahoma 73502
(580) 248-4844 Telephone
(580) 248-6916 Fax

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following via the ECF filing system pursuant to the Federal Rules of Civil Procedure on July 28, 2017.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECFT registrants:

| | |
|---|---|
| John Zelbst | zelbst@zelbst.com |
| Clay Zelbst | clay@zelbst.com |
| Mike Bassett | mbassett@thebassettfirm.com |
| Robert L. McGee | rmcgee@thebassettfirm.com |

                                                  /s/ Daniel M. Branum
                                                  **Counsel for Plaintiffs**